**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert W Robinson,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Carol A Robinson, et al.,<br><br>　　　　　Defendants. | No. CV-24-00257-PHX-DWL<br><br>**ORDER** |

　　　　The Court has an independent obligation to determine whether it has subject-matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." "Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (internal quotation marks and citation omitted).

　　　　"The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for '[f]ederal-question' jurisdiction, § 1332 for '[d]iversity of citizenship' jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States. She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006).

On February 7, 2024, *pro se* Plaintiff filed the complaint, which alleges that Defendants, who are U.S. Postal Service workers, held Plaintiff's mail, causing him to lose court cases and have warrants issued for him. (Doc. 1 at 4.) Plaintiff asserts as the basis of subject-matter jurisdiction that his claim arises under a federal statute, 18 U.S.C. § 1703. However, there is no civil cause of action under this statute. *Childs v. Neighbors*, 2023 WL 2174480, *6 (E.D. Mich. 2023) ("Childs cites two laws criminalizing the destruction or theft of mail, 18 U.S.C. §§ 1703, 1709. But, in most cases, only prosecutors can enforce criminal laws, and Childs has not shown that § 1703 or § 1709 are the exception to that general rule."); *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver*, 511 U.S. 164, 190 (1994) ("[W]e refuse[] to infer a private right of action from 'a bare criminal statute' . . . [a]nd we have not suggested that a private right of action exists for all injuries caused by violations of criminal prohibitions."); *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979) ("This Court has rarely implied a private right of action under a criminal statute, and where it has done so there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone.").

Although the invalidity of a federal statutory claim is ordinarily a merits issue that implicates Rule 12(b)(6), rather than a jurisdictional issue that implicates Rule 12(b)(1), the Supreme Court has clarified that "a suit may sometimes be dismissed for want of jurisdiction [1] where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or [2] where such a claim is wholly insubstantial and frivolous." *Bell v. Hood*, 327 U.S. 678, 682-83 (1946). *See also Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998) ("It is firmly established in our cases that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, *i.e.*, the courts' statutory or constitutional *power* to adjudicate the case. . . . Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.") (cleaned

up).  Although some have questioned the wisdom of this exception, *Resnick v. KrunchCash, LLC*, 34 F.4th 1028, 1040-42 (11th Cir. 2022) (Newson, J., concurring), it remains good law.  *DeFiore v. SOC LLC*, 85 F.4th 546, 559 (9th Cir. 2023) ("A long-standing body of law governs whether a [federal] claim is colorable for securing federal question jurisdiction.") (citing *Bell*, 327 U.S. at 682-83).  Here, Plaintiff's federal claim is so insubstantial, implausible, or otherwise completely devoid of merit as not to involve a federal controversy.  Accordingly, Plaintiff has failed to establish that this court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331.  To proceed, Plaintiff must amend the complaint to correct this deficiency.[1]  *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016).

Accordingly,

**IT IS ORDERED** that by March 6, 2024, Plaintiff shall file an amended complaint properly alleging subject-matter jurisdiction or voluntarily dismiss this action.

**IT IS FURTHER ORDERED** that if Plaintiff fails to timely file an amended complaint, the Clerk of the Court shall dismiss this case, without prejudice, for lack of subject-matter jurisdiction.

Dated this 21st day of February, 2024.

Dominic W. Lanza
United States District Judge

---

[1] This amended complaint pursuant to court order will not affect Plaintiff's right under Rule 15(a)(1) to later amend once as a matter of course.  *See, e.g.*, *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1006-09 (9th Cir. 2015).